UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.   05 CV 6878

-----------------------------------------------------------x
DAVID MILLER

Complaint
Jury Trial Demanded

                      Plaintiff,

        - against-

1359 BWAY and CORP.
and S & T MANAGEMENT CORP. and
1359 BWAY CORP. and/or S & T MANAGEMENT CORP.
in its capacity as Plan Administrator of the 1359 BWAY CORP.
and/or S & T MANAGEMENT CORP., Welfare Benefit
Plan

                      Defendants.
-----------------------------------------------------------x

Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint respectfully, alleges as follows:

## I. JURISDICTION AND VENUE

1.    This action arises under the Civil Rights Act of 1871, 42 USC § 1981, the provisions of the employment retirement income security act ("ERISA"), 29 USC § 1001 et seq., particularly section 510 (29 USC section 1140), the New York State Human Rights Law ("HRL") and under the New York City Human Rights Law, §8-101, et seq, of the Administrative Code of the City of New York ("NYCHRL").

2.    Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

1

3. Jurisdiction of the court is proper under 28 USC 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 USC 2201, and under 42 USC § 1981. Jurisdiction of plaintiff's claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq, to recover medical benefits due plaintiff, is invoked pursuant to 29 U.S.C. §1132. Venue is appropriate under 28 USC § 1391 because defendant has offices and resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this District pursuant to 29 U.S.C. §1132(e). Declaratory relief is authorized by 28 U.S.C. Secs. 2201 and 2202. Jurisdiction of the claims of the claims under state and city law is conferred upon this Court by and under the principles of pendent jurisdiction.

## II. PARTIES

4. Upon information and belief, defendant S & T MANAGEMENT CORP. is a corporation authorized by law to do business in New York with offices in New York County.

5. Upon information and belief, defendant 1359 BWAY CORP. is a corporation authorized by law to do business in New York with offices in New York County.

6. Upon information and belief, defendant S & T MANAGEMENT CORP. and 1359 BWAY CORP. and S & T MANAGEMENT CORP. and/or 1359 BWAY CORP. was the Plan Administrator of the S & T MANAGEMENT CORP. and/or 1359 BWAY CORP., Welfare Benefit Plan, as set forth below.

7. Plaintiff presently resides in County of New York, State of New York.

## III STATEMENT OF THE CLAIM

8. On or about Wednesday, April 14, 2004, plaintiff was hired by defendants as a chef.

9. Plaintiff was told that he would be eligible for medical insurance coverage after 90 days of employment.

10. Plaintiff was eligible for medical insurance on or about Wednesday, July 14, 2004, the anniversary of the third month of his hiring.

11. Prior to July 14, 2004, plaintiff filled out and delivered to defendants the medical application forms.

12. On or about Thursday, July 15, 2004, plaintiff was injured, lost consciousness and suffered a severe hematoma and was otherwise disabled.

13. Plaintiff's condition is a disability within the meaning of the HRL and the NYHRL.

14. Plaintiff was hospitalized from on or about Friday, July 16, 2004 until Tuesday, July 20, 2004

15. On or about Tuesday, July 20, 2004, plaintiff advised defendants of his disability and the circumstances surrounding his disability, including but not limited to the fact that he was taking medicine, including anti-seizure medicine.

16. Defendants did not provide plaintiff with medical insurance.

17. On or about Monday, July 26, 2004, plaintiff returned to work.

18. On or about Monday, July 26, 2004, plaintiff worked from 5 a.m. until 1:00 p.m.

19. Or about July 26, 2004, defendant fired plaintiff because of his disability or perceived

disability, and/or record of disability.

20. Or about July 26, 2004, defendant fired plaintiff to deny plaintiff medical benefits.

21. Plaintiff incurred medical bills in excess of $30,000, which should have been covered by insurance.

22. At all relevant times, plaintiff had a disability, a perceived disability and/or a record or history of disability under the HRL and the NYCHRL.

23. At all relevant times, defendant was notified of plaintiff's disability under the under the HRL and the NYCHRL.

24. At all relevant times, plaintiff requested reasonable accommodations for his disability.

25. At all relevant times, plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

26. Defendants failed to afford plaintiff a reasonable accommodation for his disability.

27. Defendants did not afford plaintiff leave as required by the HRL and the NYCHRL.

28. As a result of defendants' illegal, discriminatory acts and retaliatory acts, including but not limited to those described above, plaintiff has suffered and will continue to suffer monetary damages unless and until this court grants relief.

## FIRST COUNT

29. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

30. Plaintiff was entitled to be a "participant" under defendants' employee benefit plans as defined by 29 USC section 1002 (7).

31. Defendants are engaged in an industry or activity affecting commerce within the

4

meaning of 29 USC section 1002 (5) and (12) and defendants are both the "plan sponsor," 29 USC section 1002 (16) (A) and the "plan administrator," 29 USC section 1002 (16)(B) of defendants' employee benefits plan.

32. All of defendants' plans described above are employee benefit plans and the meaning of 29 USC section 1002 (3) and 29 USC section 1140.

33. Pursuant to 29 USC section 1001 et seq., defendants' termination of plaintiff was pretextual and purposely interfered with plaintiff's right to health benefits under the defendants' employee benefit plan.

## SECOND COUNT

34. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

35. Defendants' actions in discriminating against Plaintiff based on plaintiff's disability were in violation of rights secured by the HRL.

## THIRD COUNT

36. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

37. The above acts and practices of defendants constitute unlawful discriminatory practices under the NYCHRL based on disability, within the meaning of Section 8-101 *et seq.* of the Administrative Code of the City of New York.

WHEREFORE, plaintiff demands judgment on the complaint and pray this court to provide them with the following relief:

    1. Award a money judgment in favor of the Plaintiff and against defendants

in an amount to be determined at trial for: (a) all pecuniary losses including back pay and lost fringe and medial benefits which Plaintiff has incurred from the date of his employment to the date of trial; and (b) all other sums now due to Plaintiff and as computed with interest from the time of plaintiff's employment until the date of trial.

2. Award full equitable relief under ERISA (29 USC section 1001 et seq.), including back pay, reinstatement to plaintiff's position as an employee of defendant, restitution of plaintiff's lost employee benefits, restoration of plaintiff' a seniority, and prejudgment interest.

3. Award a money judgment, in an amount to be determined at trial, as compensatory damages under the HRL, for lost wages and benefits, and the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' discriminatory and intentional acts.

4. Award a money judgment, in an amount to be determined at trial, as compensatory damages under the NYCHRL, for lost wages and benefits for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendant's discriminatory and intentional acts, and as punitive damages to the extent defendant's actions are deemed to be intentional.

5. Award plaintiff the costs of this action together with reasonable attorneys' fees, pursuant to ERISA and the NYCHRL.

6. Award such other and further monetary relief as to the Court may seem just and proper in the circumstances.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury in this action.

Dated: New York, New York
July 28, 2005

                                    Law Offices of Jonathan Weinberger
                                    Attorneys for Plaintiff
                                    880 Third Avenue, 13th Fl.
                                    New York, New York 10022
                                    (212) 752-3380

By: _____
       Jonathan Weinberger (J.W.-2425)